[Civ. No. 5372. Second Appellate District, Division Two.—June 22, 1929.]

C. A. STAVNOW, Respondent, v. MRS. GERTRUDE WINFREE, Appellant.

Goodrick & Hay for Appellant.

George C. Watson and McGovney & Klein for Respondent.

CRAIG, J.—During the month of November, 1923, the respondent and one Cora E. Baley, since deceased, entered into certain instruments in writing, by the terms of which the latter received possession of a quantity of furniture, and for the use or toward the purchase of which she agreed to pay in monthly installments the amounts therein specified. Among other provisions of the contract it was agreed that should default in any payment occur, the party of the first part might "take possession thereof and 'remove the same"; that in such event he should be "entitled to all rent then due" thereunder; that Mrs. Baley should not be entitled to "any allowance, return or setoff for payments previously made," and that time was of the essence of the agreement. In April, 1924, three of her checks for $100 each, which she had given and for which she had received credit, were dishonored and returned by the banks, and in satisfaction of these obligations and to avoid being deprived of the furniture, she executed and delivered to respondent her promissory note in the sum of $300, dated June 10, 1924, payable in sixty days, with interest, and reasonable attorney's fees in the event of enforced collection. At the time of its execution appellant signed an indorsement upon said note, as follows:

"Los Angeles, Cal. June 10–1924. ·
"Mrs. Gertrude Winfree.

"For value received, I hereby waive presentation of the within note to the maker, demand of payment, protest and notice of nonpayment, and do guarantee payment of the same, and of all expenses of collection thereof, including attorney's fees and also of all expenses, including attorney's fees, incurred in enforcing this guaranty and do hereby without notice expressly consent to the delay or indulgence in enforcing payment and to the express extension of the time of payment of the same.

"MRS. GERTRUDE WINFREE."

Thereafter, Mrs. Baley died, and at the request of the public administrator, respondent repossessed the furniture. This action was instituted upon said note, against the indorser and guarantor, and judgment having been rendered in favor of the plaintiff, the defendant appealed. The principal defense and ground of appeal urged here is, that the contract was not one of lease, but of installment or conditional sale, retaining title in the conditional vendor; it is denied that the note in suit was given in payment of the amounts represented by the returned checks, and appellant insists that it represented installments due upon the purchase price of the furniture. ■ Positive testimony introduced on behalf of the plaintiff, however, refutes this latter assertion, and the finding of the trial court is therefore conclusive that it was given, and intended, as above stated. ■ The rule is familiar that under conditional sales one may not retake the property and also collect the purchase price—that he "may not have his cake and eat it too." But Mrs. Baley obtained the plaintiff's merchandise, and retained and enjoyed the use thereof, during her lifetime, under the terms of an agreement that should she be compelled to part with it she would forego all payments theretofore made, and would pay any amounts then due. The rule attempted to be invoked would apply had the plaintiff sought to collect the full amount of the purchase price of the furniture, after repossessing the property. Such is not the case. ■ That Mrs. Baley was indebted to the respondent for the amounts above mentioned, and gave her checks therefor, and received credit accordingly, is not disputed. It appears that upon the return of the checks she gave a promissory note to avoid

suit thereon and to forestall the loss of the furniture. Apparently respondent had no recourse as against her estate, but in any event he did not demand payment of any future installment. He sued for the aggregate amount of three checks given by Mrs. Baley in her lifetime, prior to repossession, and theretofore temporarily satisfied by a promissory note upon which appellant was the indorser and guarantor. The terms of the original contract are only incidentally here involved, nor is a technical interpretation of its nature and character pertinent to the issue presented. The ultimate consideration for the note and contract of guaranty was, in effect two-fold. It was given not only in satisfaction of an existing indebtedness, but also to avoid litigation and the deprivation of the maker of her necessary furnishings. Under the facts and circumstances of this case a guarantor will not be heard to attack the validity of the original contract, nor to question the consideration for the guaranty. The latter is an independent obligation of the guarantor, and his liability depends entirely upon the terms of his own contract. (*Western Nat. Bank* v. *Wittman,* 31 Cal. App. 615 [161 Pac. 137]; *Cooke* v. *Mesmer,* 164 Cal. 332 [128 Pac. 917].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.