[Civ. No. 9035.  Second Appellate District, Division One.—October 18, 1935.]

CALIFORNIA STANDARD FINANCE CORPORATION (a Corporation), Appellant, v. CORNELIUS COLE, LTD. (a Corporation), et al., Defendants; DORIS KENYON SILLS, Respondent.

574

Ellis I. Hirschfeld, Samuel W. Blum and Clyde C. Shoemaker for Appellant.

William E. Reiley for Respondent.

EDMONDS, J., *pro tem.*—Plaintiff appeals from a judgment against it in an action brought by it upon a promissory note. The record shows that the note was made by Cornelius Cole, Ltd., a corporation, in favor of plaintiff, and was guaranteed by Cornelius Cole, Edwin Carewe and Doris Kenyon Sills. Plaintiff had judgment against the corporation and Cole upon their default. On trial of the action against the other defendants, a jury returned a verdict in favor of plaintiff against Carewe, and in favor of Mrs. Sills against the plaintiff.

Appellant's first point on appeal concerns the sufficiency of respondent's answer. This answer presents what the pleader evidently intended to be denials of the allegations of plaintiff's complaint, followed by six separate affirmative defenses. In the first of these defenses, respondent alleges upon information and belief that at the time of the execution of the note its maker owed the payee $10,000; that the payee knew that the business was insolvent and could not pay the amount of the indebtedness, or the note; that it therefore "engaged and induced Cornelius Cole, who was at that time president of Cornelius Cole, Ltd., a corporation, to act for plaintiff and to be plaintiff's agent in obtaining the signature of defendant, Doris Kenyon Sills, to the guaranty" sued on. She then alleges that Cole, "so engaged and induced by plaintiff, and then and there acting as agent for plaintiff, secured this defendant's signature to said guaranty" by misrepresenting the nature of the instrument. She also alleges that at the time her signature was secured by Cole he "so covered up and concealed the writing of said guaranty and rushed this defendant into signing the same, that this defendant had no knowledge that she was signing a guaranty or any instrument other than a statement as to the good character and integrity of the said Cornelius Cole"; that she was recovering from shock and nervous breakdown following the death of her husband; and that the appellant accepted the guaranty knowing the misrepresentations which had been made to her. Following these allegations respondent alleges the untruth of the representations, her reliance upon them, and that she would not have signed the guaranty had she known the true nature

of the instrument or the financial condition of the maker of the note.

The second affirmative defense alleges that the note guaranteed by the respondent was given by the maker without consideration for a preexisting debt, and that respondent received no consideration therefor. The next defense alleges that appellant, in accepting the note did not cancel or surrender certain security it had, and did not thereafter pursue its rights thereunder. In the fourth defense respondent alleges that the note was executed by Code under "menace and threats of duress", in that he was told "that unless he executed said note on behalf of the defendant company and secured two guarantors acceptable to plaintiff on said note, that he would be prosecuted for a criminal offense". For a further defense respondent again alleges most of the charges previously pleaded, and that appellant knew, before receiving the note signed by respondent as guarantor, that Cole had previously attempted to secure other persons as guarantors and had misrepresented the facts to them. The final defense urged is that appellant as part of the transaction in which the note was given, took over the business of the Cole corporation and collected money belonging to it which should have been applied as payment on the note but which was diverted to other purposes.

The fact that the answer does not present any properly pleaded denials of the allegations of appellant's complaint, nor does it state a cause of defense is of secondary importance because the record shows the evidence to be insufficient to support the verdict in respondent's behalf if the denials and the affirmative defenses were properly pleaded. Although the record is voluminous, the facts concerning respondent's connection with the transaction are few and stand practically undisputed.

It appears that at the time the note was given the Cole corporation was a dealer in Ford automobiles and that it owed appellant approximately $10,000; that this money had been borrowed for the purpose of "flooring" cars bought from the manufacturer; that this amount was borrowed under an agreement by which the Cole company obligated itself to repay a portion of the indebtedness whenever a car was sold; and that seventeen automobiles had been sold without ac-

counting to the appellant for the amounts payable therefor. The record suggests that this situation came about either through bad bookkeeping or misuse of funds by an employee of the Cole company. In any event, when Cole knew of the situation he realized that his company was in desperate financial shape and he went to appellant to ascertain under what circumstances payment of the indebtedness could be deferred. He was told that the note of his company with two endorsers satisfactory to the appellant would be accepted in satisfaction of the existing indebtedness, but that if he was unable to deliver such a note his business would be closed up.

Appellant drew the note for $10,000 and gave it to Cole for the purpose of securing the signatures of the endorsers. Thereafter Cole went to respondent and at his request she executed the guaranty. Assuming that the representations which respondent testified Cole made to her at the time would be sufficient to avoid the contract as between them, there is not the slightest evidence to show that Cole was the agent of appellant. All of the evidence is to the contrary. No person connected with the appellant made any representations to respondent. She was a friend of Cole and he suggested her name to appellant as a person whom he would secure to guarantee the note. There is nothing to show that Cole ever told appellant how he secured the signature of respondent to the guaranty, or that it knew anything about the reasons which may have actuated her to sign it.

Cole presented the note to appellant with respondent's signature as a guarantor. It accepted the note and on the same day wrote Mrs. Sills a letter reading as follows: ''This is to advise you that we have this day accepted a promissory note dated November 8th, 1930, and due May 8th, 1931, in the amount of $10,000.00. This note is signed by Cornelius Cole, Ltd., by Cornelius Cole, President, and is endorsed by the following: Edwin Carewe, yourself, Cornelius Cole.'' Nothing was heard from her until after the note became due and efforts were made by appellant to collect it. The evidence conclusively shows that Cole was not the agent of appellant in securing the signature of Mrs. Sills, and that it is not responsible for any representations made to her by him.

''While the law requires the guarantee to act in good faith, unless he has knowledge of or participates therein, he

is not responsible for any misrepresentation or deception practiced by the principal, or other third person, upon the guarantor in order to induce him to enter into the contract of guaranty." (28 C. J. 927; *Elizalde* v. *Murphy*, 163 Cal. 681 [126 Pac. 978]. See, also, the authorities reviewed in a note to *Sager* v. *W. T. Raleigh Co.*, 66 A. L. R. 305.)

▉ Concerning the second affirmative defense, the preexisting debt and the forbearance of appellant to sue constituted sufficient consideration for the respondent's signature as an accommodation endorser. (Secs. 2792, 3106, Civ. Code; *Stavnow* v. *Winfree*, 99 Cal. App. 566 [278 Pac. 905]; *Bridge* v. *Ruggles*, 202 Cal. 326 [260 Pac. 553].)

No evidence was offered in support of the third affirmative defense.

▉ The defense that the note was executed by Cole by menace and duress is not supported by either the law or the facts of this case. A contract obtained by menace or duress is voidable, and not void (sec. 1566, Civ. Code), and a defense upon this ground is personal to the one whose free consent was taken away by such means. "With respect to the right of a guarantor to avail himself of duress brought to bear upon the principal debtor, the general principle is that only he to whom duress is offered can take advantage of it." (28 C. J. 925].) ▉ By the default of the corporation and of Cole, each of them waived the defense of menace and duress. (*Bridge* v. *Ruggles, supra.*) And it is to be noted that Cole testified that he would have signed the note had there been no discussion of criminal prosecution. Upon his own testimony, therefore, his consent to the contract was not obtained by menace. (Sec. 1566, Civ. Code.) It may be mentioned also that neither Cole nor the corporation questioned the genuineness of the note, and the corporation paid a small portion of the principal in addition to regular instalments of interest as they accrued, until it failed.

▉ The charge of the fifth defense that Cole, with the knowledge of appellant, attempted to secure other guarantors to the note by misrepresentation of the facts to them, has no evidence whatever to support it.

▉ The final defense is that appellant took over the business of the corporation and diverted money which should have been applied to the payment of the note to other purposes.

This may properly be considered in connection with affirmative allegations made with the denials of the answer that the note was given as part of an agreement by which appellant was to take over the management of the Cole company and pay the note from the profits of the business.

The defendant Carewe, called as a witness in his own behalf, and Cole, called as a witness in behalf of Carewe, each testified that at the time the making of the note and the guaranty was discussed by them with Mr. Coffman of the finance company, the latter told them that his company would put a manager in the business and that it would pay the note from the profits of the business. Mrs. Sills was not present at this conversation and no mention of such an arrangement was made to her by Cole when he procured her signature to the note. The testimony of Cole and Carewe was offered on behalf of the latter. Neither Cole nor the corporation ever offered any defense to the action upon this ground. And as the verdict of the jury was in favor of the finance company against Carewe, its implied finding was that the agreement which Cole and Carewe testified to had not been made. The verdict in favor of respondent cannot, therefore, be supported on this ground.

Respondent's charge that appellant took over the business of the Cole company and diverted money which should have been applied to the payment of the note is also without evidentiary foundation. After the note was executed one of appellant's employees who was familiar with the financial part of the automobile business assisted Cole for some weeks in his attempts to put the business on a paying basis. As a convenience Cole gave him authority to countersign checks, two signatures being always required. Appellant paid this person's salary during all the time he was at the Cole company's place of business, and the evidence shows that he assumed no authority whatever. His duties seem to have been advisory only. The money of the corporation was either paid out by Cole's direction or in payment of bills in routine manner. Apparently the appellant thought that Cole's difficulties were, at least in part, the result of inefficient management and it was willing to loan him a capable person as a business adviser in his efforts to rehabilitate the business. There are no facts shown which would form any basis for the exoneration of the guarantor.

These conclusions make it unnecessary to discuss the other questions presented.

The judgment is reversed.

Houser, P. J., and York, J., concurred.