[Sac. No. 5227. In Bank.—March 14, 1939.]

SIMON NEWMAN COMPANY (a Corporation), Respondent, v. ALICE TULLY, Appellant.

Edward Bickmore and Thomas W. Firby for Appellant.

Richard S. Goldman for Respondent.

SEAWELL, J.—Defendant appeals from a judgment quieting plaintiff's title to land in Merced County. Said land, and other property in San Luis Obispo and Alameda Counties, was transferred to plaintiff corporation in satisfaction of a promissory note and deed of trust theretofore executed in its favor.

Defendant contends that by reason of certain facts which she learned for the first time shortly after plaintiff corporation brought the present action, the indebtedness for which said promissory note and deed of trust were given had been discharged before execution of said instruments, with the result that they were without consideration. Since plaintiff has sold and transferred the San Luis Obispo and Alameda County lands deeded to it in satisfaction of the note and deed of trust, and has contracted to sell the Merced County land, which is the subject of the present action, defendant contends that as a condition to quieting its title to the Merced County land, plaintiff should pay her the proceeds realized by it from the lands theretofore sold and conveyed by it, and also the amounts realized from its contract to sell the Merced County lands.

In September, 1919, defendant Alice Tully was the owner of the lands above referred to. Her brother, Ernest Tully, was indebted to plaintiff corporation in the sum of $86,736.90 on account of advances to him in connection with his farming operations. This indebtedness was secured by deed of trust on 160 acres of land near Los Banos, Merced County, owned by him, and by a chattel mortgage on livestock and farm equipment. On September 13, 1919, defendant executed a promissory note for $30,000 and a deed of trust to plaintiff corporation upon the Merced, San Luis Obispo and Alameda County property, as further security, according to her testimony, for the indebtedness of her brother to plaintiff, to the end that plaintiff would not "close out" her brother.

Thereafter, defendant paid $3,000 on the principal of said note. On December 27, 1924, a renewal note and deed of trust were executed by Mary A. Tully, mother of Alice Tully, in whom record title was vested by virtue of a quitclaim deed from Alice Tully. Said property, with the exception of a parcel in Alameda County upon which the mother and daughter resided, was, on February 17, 1927, conveyed by Mary A. Tully to plaintiff corporation, which had filed a notice of election to sell under the deed of trust, and accepted by it in satisfaction of the indebtedness. Prior to execution of the renewal note and deed of trust, Mary Tully had executed deeds retransferring to her daughter the property covered by the deed of trust, but said deeds were not recorded

until after the conveyance to plaintiff in satisfaction of the debt, and it is conceded that plaintiff did not have notice.

It appears that on September 16, 1919, three days after execution of the $30,000 note and deed of trust by Alice Tully, her brother, Ernest Tully, deeded the 160 acres owned by him to plaintiff corporation, which thereupon canceled his indebtedness to it, and released the livestock and farming equipment covered by his chattel mortgage. Defendant contends that she was a surety for the debt of her brother to the plaintiff corporation, and that as she was not informed that her brother was to be released, the effect of canceling his indebtedness was to discharge her upon the $30,000 note. (Civ. Code, secs. 2819, 2840.)

The evidence supports the finding of the trial court that it had been agreed between plaintiff and Ernest Tully, that if he would procure the note and deed of trust of his sister, and convey to plaintiff the 160 acres near Los Banos, his indebtedness should be canceled and the livestock and farming equipment covered by chattel mortgage released to him. Conflicting testimony of Ernest Tully that plaintiff demanded the conveyance from him of the 160 acres for the first time after receipt of his sister's note was rejected by the trial court. Mr. Wagenheim, vice-president and manager of plaintiff, testified that plaintiff wished to terminate all business relations with Tully, partly for the reason that a judgment had been entered against him in a suit for alienation of affections.

If defendant Alice Tully had knowledge of said agreement, and executed her note and deed of trust pursuant thereto, she would, obviously, be without right to claim that the release of her brother discharged her. By the testimony she denied all knowledge of such an agreement, and contended that her understanding was that her note and deed of trust were to constitute additional security for a continuing indebtedness of her brother. But defendant executed the note and deed of trust at the request of, and for the accommodation of, her brother, who, if full credence is given to her testimony, failed to reveal to her the true nature of the agreement between him and plaintiff. The rule is well settled and generally followed that fraud of the principal debtor will not relieve the guarantor or surety who acted at the request of the debtor from liability, if the creditor did not have notice

of the fraud and did not participate therein. (*Standard F. Corp.* v. *C. Cole, Ltd.*, 9 Cal. App. (2d) 573 [50 Pac. (2d) 1054]; note, 71 A. L. R. 1278.)

Before defendant executed the note and deed of trust she, together with her attorney, John W. Gwilt, since deceased, called upon Mr. Wagenheim. The trial court rejected her testimony that Wagenheim represented to her that her note and deed of trust were to constitute further security for a continuing debt of her brother to plaintiff. It cannot be said that in the circumstances shown Wagenheim was not entitled to believe that Ernest Tully had fully explained to his sister the arrangement with plaintiff.

In considering defendant's claim that she did not know her brother was to be released, it is significant that the deed by which Ernest Tully conveyed his 160 acres to plaintiff corporation, as well as the note and deed of trust executed by Alice Tully, were prepared on stationery of Mr. Gwilt, attorney for Alice Tully, and notarized before him. On September 16, 1919, the date of the deed from Ernest Tully to plaintiff, attorney Gwilt also notarized a bill of sale by which Ernest Tully transferred to his sister the livestock and farming equipment covered by the chattel mortgage theretofore held by plaintiff, and an assignment to her of a lease which he held upon 1700 acres of farming land. The bill of sale and assignment were recorded on May 7, 1920, at the request of Gwilt. Defendant claims that she did not learn of those two instruments until the fall of 1920. Then she took possession, and thereafter borrowed $10,000 from plaintiff, secured by chattel mortgage on the property assigned to her by the bill of sale. She testified that from 1920 to 1934 she was estranged from her brother.

The trial court did not expressly find that defendant Alice Tully had knowledge of the arrangement between plaintiff and her brother for cancellation of his indebtedness, although its findings inferentially have that effect. If she was, as she contends, deceived as to the agreement between plaintiff and her brother, plaintiff was in no way a party to this deception, and she cannot by reason thereof avoid liability to plaintiff. (*Standard F. Corp.* v. *C. Cole, Ltd., supra.*)

Furthermore, defendant's claim to an accounting of the proceeds of the lands transferred in satisfaction of the deed of trust, and thereafter sold by plaintiff to purchasers, is, in ef-

fect, for rescission of the deed of trust of 1919 and transactions subsequent thereto. The present action was brought in 1934. The evidence fails to show sufficient reason for failure to discover at a much earlier date the deception alleged to have been practiced upon her.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Waste, C. J., Houser, J., and Edmonds, J., concurred.