## 34207.   PARKER *v.* VROOMAN.

CARLISLE, J.   1.  "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser without receiving value therefor and for the purpose of lending his name to some other

person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Code, § 14-306. And it has been held that, "under the negotiable instruments law, the rule is that, where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery *for the accommodation of the payee,* he is liable to all parties subsequent to the payee, but not to the payee." *McLendon* v. *Lane,* 51 *Ga. App.* 409 (180 S. E. 746). But "one who indorses a note *for the accommodation of the maker* is liable to the one to whom the note is given for value, although it would be otherwise if endorsed for the accommodation of the latter." 11 C. J. S. 306, § 748; and see Bridge *v.* Ruggles, 202 Cal. 326 (260 Pac. 553). Thus, in a suit on a promissory note brought by the payee named therein against an endorser in blank, not otherwise a party to the note, where it appears that the evidence is in sharp conflict on the question of whether the note was endorsed by the defendant as an accommodation to the payee or as an accommodation to the maker before delivery, a judgment of a court, sitting without the intervention of a jury, will not be disturbed as contrary to law and without evidence to support it.

2. "It is not error to reject testimony of a witness where substantially the same testimony of the same witness is elsewhere admitted." *Herrington* v. *Herrington,* 42 *Ga. App.* 126, 129 (11) (155 S. E. 51). And since the brief of evidence in the record is replete with testimony to the same effect, offered by the same witness, the trial court did not err in rejecting the testimony of the defendant that he "did not endorse them [the notes sued on] for Knox Atlanta Homes [the corporate maker]. I endorsed them for Mr. Vrooman [the plaintiff payee.]" Special ground 1 (numbered 4) is without merit.

3. The introduction of the garnishment-dissolution bond in evidence, of which complaint is made in special ground 2 (numbered 5) of the motion for new trial was not erroneous in view of all the other evidence in the record concerning the bond which was unobjected to.

4. Special ground 3 (numbered 6) is but an elaboration of the general grounds and requires no further discussion.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 15, 1952—REHEARING DENIED NOVEMBER 25, 1952.

*Smith, Field, Doremus & Ringel,* for plaintiff in error.
*Louis D. Yancey Jr., William Woodruff,* contra.