### 44808. SROCHI et al. v. KAMENSKY.

ARGUED OCTOBER 8, 1969—DECIDED MARCH 3, 1970—
REHEARING DENIED MARCH 27, 1970.

*Arnall, Golden & Gregory, Elliott H. Levitas, Grogan, Jones, Jones & Layfield, Milton Jones,* for appellants.

*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* for appellee.

QUILLIAN, Judge. ■ The evidence introduced on the trial of the case was in every material substance identical to that which the court considered on motion for summary judgment. The witness, Sidney Kamensky, did not testify on the trial of the case, while his deposition and affidavit were taken on motion for summary judgment. However, his evidence in toto was, if

anything, more favorable to the contentions of the plaintiffs. Hence, the rule would be applicable that the rulings on a former review, whether right or wrong, are binding on this court where the evidence on the principal issues is substantially similar. *Ludden & Bates Southern Music House v. Toney,* 42 Ga. App. 434 (156 SE 706); *New York Life Ins. Co. v. Ittner,* 62 Ga. App. 31 (8 SE2d 582). Since the law of the case was established when the case was previously before this court (see *Code Ann.* § 81A-160 (h); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240), the cases cited by the plaintiffs are not controlling. *Life & Cas. Ins. Co. of Tenn. v. Webb,* 115 Ga. App. 521, 523 (154 SE2d 790).

On the prior appearance (118 Ga. App. 182 (162 SE2d 889)), the court held as to the first ground of defense that the evidence was inconclusive and conflicting on the question of lack of consideration and that a question of fact remained. As to the second defense it was held: "This evidence is conflicting and the true purpose for which the note was given should be determined by a jury. A summary judgment for defendant on this defense was not authorized." P. 184.

The court also held with regard to the third defense: "A jury may or may not find that some of these checks represent obligations of Sidney to Harry 'in some way connected with the debt sued on, or the transaction out of which it sprung' so as to entitle him to setoff." P. 186. Under these circumstances, the trial judge did not err in denying the plaintiffs' motions for judgment notwithstanding the verdict and their motion for new trial.

■ In arguing the various remaining enumerations of error the appellants group them in various categories which for the purpose of cohesiveness and clarity we shall adopt.

The appellants contend that the court should have allowed testimony which would have established or tended to establish the existence of a need by the defendant to acquire a rather substantial sum of money at the time the note was signed and which the defendant claimed was an accommodation or given for a special purpose rather than as an actual means of acquiring funds. This encompasses enumerations of error 7 and 11.

. As to ground 11 the record shows no ruling was made by the trial judge. *Augusta Roofing &c. Works v. Clemmons,* 97 Ga. App. 576 (1) (103 SE2d 583); *Davis & Brandon v. Seaboard A. L. R.,* 136 Ga. 278 (71 SE 428); *Southern R. Co. v. Farmers Union Warehouse Co.,* 146 Ga. 141 (1a) (90 SE 860). As to ground 7, while an objection was sustained, substantially similar evidence was admitted and we find no harmful error. *Herrington v. Herrington,* 42 Ga. App. 126 (11) (155 SE 51); *Parker v. Vrooman,* 87 Ga. App. 287 (2) (73 SE2d 777). Thus, these grounds are without merit.

■ Enumeration of error 9 claims that the court erred in allowing the defendant to testify that the plaintiffs wanted something they could write off for tax purposes.

The record reveals that counsel for appellants was questioning the defendant about a letter concerning the note which was written to him by an attorney for the plaintiff. When asked whether he had the original of the letter, the defendant answered negatively and stated that it was returned to the attorney for the plaintiffs. Counsel for the plaintiffs then asked the question "Why did you do that?" and received the following reply: "Well, because I got a call from my brother Sidney and he said, 'I had to give your note—.'" Counsel then interposed, "Your Honor, I am going to have to object to this." The following colloquy then took place: "The Court: You asked him why, Mr. Jones, and apparently this is responsive to your question. Mr. Jones: I asked him why, Your Honor, he returned the original of a letter to an attorney. The Court: Well, he is trying to explain it." The defendant then stated: "—and he said that, 'Mr. Orkin and Mr. Srochi wants something that they can write off and they can't get the money from me and so they are going to write you a letter and across the bottom of the letter you write that you are not in a position to pay the note.' The original was mailed to me and I scratched across the bottom that I was not in a position to pay any of the note at this time and I returned it."

This presented no ground for our consideration on review. *Noll v. Nolan,* 135 Ga. 712 (70 SE 577); *Dorsey v. City of Atlanta,* 216 Ga. 778 (119 SE2d 553); *Ga. Power Co. v. Hen-*

*dricks,* 97 Ga. App. 369, 370 (103 SE2d 601). However, if a question was raised as to whether the answer was responsive, it clearly was responsive to the question posed and thus was not error.

■ Under enumeration of error 16, it is contended that the court erred in failing to allow the secretary-treasurer of Merchants Mutual Credit Corporation to testify that a loan to Sidney Kamensky had already been approved prior to the credit committee's knowledge of the note from the defendant to Sidney Kamensky which was allegedly executed so that Sidney could use it as collateral to get the loan. Counsel for the plaintiffs asked the witness, "Would you have made the loan to him based on Mr. Orkin's endorsement without that note?" The witness replied "Yes, indeed. The loan was approved that way by the credit committee without any additional collateral." At this point, counsel for the defendant objected on the ground that the witness could not testify as to the knowledge of the credit committee of the corporation. The witness then interjected, "I appeared at every credit committee meeting, sir." The trial judge sustained the objection. The further question was then asked, "When the credit committee approved the loan, did they know anything about the note?" Objection to this query was also sustained.

We point out that it was not established that the witness was qualified to testify as to the credit committee's knowledge. In such circumstances, a witness cannot state the mere conclusion that others than himself knew a particular fact. *Mims v. Brook & Co.,* 3 Ga. App. 247 (59 SE 711); *Brown v. Mutual Life Ins. Co. of N. Y.,* 29 Ga. App. 794 (116 SE 559); *Cothran v. Forsyth,* 68 Ga. 560 (1a); *Bush & Hattaway v. W. A. McCarty Co.,* 127 Ga. 308 (56 SE 430, 9 AC 240). Moreover, it is a conclusion for the witness to testify that if certain facts had been known that a particular course of action would have then been taken. *Metropolitan Life Ins. Co. v. Marshall,* 65 Ga. App. 696, 705 (16 SE2d 33), and *Patterson v. Cotton States Mut. Ins. Co.,* 221 Ga. 878, 881 (148 SE2d 320).

It was not error to exclude the proffered evidence.

■ The final question posed by the appellants is whether,

since the plaintiffs were not holders in due course, the defendant could claim credit or setoff for collateral matters which were in no way connected with the note sued upon. The appellants argue in several enumerations of error that certain rulings and charges which emphasize the fact that they stood in the shoes of the original payee were harmful error.

■ It is urged that it was error to permit the defendant to testify that he paid back the Hickam Company any money he received from it on or about the same time Sidney Kamensky borrowed money from Merchants Mutual Credit Corporation.

One of the plaintiffs' contentions is to the effect that money from the loan passed through the conduit of the Hickam Company to the defendant and that this was the method used to obtain money for the defendant. In view of this fact, it was not error to allow the testimony which was offered to rebut the plaintiffs' argument.

■ Ground 17 of the enumerations of error complains of the failure to give a request to charge. The record reveals that the trial judge charged the jury in substantially the same language as that requested and hence no harmful error was committed. *Hardwick v. Price,* 114 Ga. App. 817 (152 SE2d 905); *Mullis v. Chaika,* 118 Ga. App. 11, 22 (162 SE2d 448); *Seaboard C. L. R. Co. v. Daugherty,* 118 Ga. App. 518, 524 (164 SE2d 269).

■ Enumerations of error 10, 12, 13, 14 and 15 complain of the admission of certain checks and testimony relative thereto on the grounds that it was not shown that they were in any way connected with the debt sued upon.

In view of the involved and complicated nature of the transaction and the relationship of the parties, the checks were admissible under proper instructions to the jury. It would be a question of fact as to which of the checks, if any, were given under an alleged agreement between Harry and Sidney Kamensky. Furthermore, counsel for the plaintiffs cross examined the defendant and examined their own witness concerning these checks. The admission of this similar testimony would render the introduction of the other evidence harmless. *Kell v. Hunter,* 84 Ga. App. 792 (67 SE2d 597); *Parker & Co. v. Glenn,* 90 Ga. App. 500 (83 SE2d 263); *Aldridge v. Whaley,* 218 Ga. 611 (130 SE2d 124).

■ This brings us to the pivotal point of the case, whether the jury was given the proper instructions as to what claims between Harry and Sidney Kamensky could be set off. In enumerations of error 18, 19 and 20, the appellants complain of 3 charges given by the court which put them "in the shoes" of the original payee, Sidney Kamensky, and which they urged were to the effect that any defense, claim or credit which Harry Kamensky had against Sidney could be used against the plaintiffs.

In the portions of the charge complained of the following language was used: (18) "The plaintiffs in effect stand in the shoes of the original payee, that is, Sidney Kamensky, and any defenses which defendant would have in a suit by Sidney Kamensky on a simple contract would be available to defendant in this action, and if such defense would bar a recovery on the note by Sidney Kamensky, it would likewise bar a recovery by the plaintiffs in this case." (19) "In addition to credit for any payment which defendant may have made on the note to Sidney Kamensky, he would be entitled to a setoff against any indebtedness which you might find that the defendant had to Sidney Kamensky, any demands or sums which may be due from the payee, Sidney Kamensky, to the defendant, Harry Kamensky." (20) "The plaintiffs are not holders in due course and therefore any defenses that the defendant could have asserted against Sidney Kamensky he can now assert against these plaintiffs. Therefore, should you believe from the evidence and law as given in charge by the court that Sidney Kamensky could have prevailed in the event he could not have transferred the note and had sued Harry Kamensky in his own name, then these plaintiffs would be entitled to recover."

We further point out that the court did, at one point, charge that "the law of Georgia is that when a negotiable paper is sued on by a holder or endorser, received under dishonor, no setoff is allowed against the original payee except such as is in some way connected with the debt sued on or the transaction out of which it sprung."

Code Ann. § 109A-3—306 (b) (Ga. L. 1962, pp. 156, 255), provides that one not a holder in due course takes an instrument subject to all defenses of any party which would be available in

an action on a simple contract. While *Code* § 20-1305 requires when negotiable paper is sued on by the holder, received under dishonor, no setoff is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung. Again, we refer to *Srochi v. Kamensky*, 118 Ga. App. 182, 185, supra, where in construing the two Code sections, the court found that the former would not repeal the latter and held: "Setoff is an available defense, but by leaving § 20-1305 in effect it was apparently the intention of the legislature to limit the defense to demand, as the statute states, 'in some way connected with the debt sued on, or the transaction out of which it sprung.'" Thus, the broad language of *Code Ann.* § 109A-3—306 is qualified by the restrictive provisions of *Code* § 20-1305.

We recognize the rule that in the consideration of erroneous charges, this court must look to the charge in its entirety. *Dixie-Ohio Express v. Brackett*, 106 Ga. App. 862, 866 (128 SE2d 642). However, the language in the charges complained of is so self-sustaining and unfettered that a layman would not read into each of the excerpts the isolated qualifying language which we have previously quoted. Instead it would create a conflict in the mind of the jury as to which rule should be followed, to wit: that no setoff would be allowed unless it was in some way connected with the debts sued upon or, on the other hand, that the defendants would be permitted to set off any demands or sums due from the payee to the defendant. A charge containing two distinct propositions, conflicting one with the other, is calculated to leave the jury in such a confused condition of mind that the jury cannot render an intelligible verdict and requires the grant of a new trial. *Plaspohl v. Atlantic C. L. R. Co.*, 87 Ga. App. 506, 508 (74 SE2d 491); *Tietjen v. Meldrim*, 169 Ga. 678 (2c) (151 SE 349); *Moreland v. Word*, 209 Ga. 463 (7) (74 SE2d 82). For this reason the judgment must be reversed.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*