\*EVEREDGE *et al. vs.* ALEXANDER *et al.*

1. Where it is shown that a private way has been in constant and uninterrupted use for seven years or more, with no legal steps taken to abolish the same, the obstruction of it is unlawful, and such obstruction may be removed on petition to the ordinary. Code, §§737, 738; Acts 1872, p. 60.

2. Whilst the way is confined by the law to a track of fifteen feet (Code, §721; 61 *Ga.*, 29, 30); yet the mere running around one spot until the road there could be repaired within a few hours, which was done and it was immediately resumed as the way again, is not such an increase of width as to break the continuance of the use of it.

3. The constitutional provision in the first paragraph of the 3d section of the 1st article of the constitution (Code, §5025), which de-

\*No full reports or opinions are published in this and the following cases, under the provisions of the act of March 2, 1875.

*f*

clares that "In cases of necessity, private ways may be granted upon just compensation being first paid by the applicant," has no application to a private way acquired by prescription by seven years' continuous use of the way.

4. The doctrine that prescriptive titles to the fee in real estate by seven years' possession cannot originate in consent, because the possession there must be adverse all the time, does not prevail or apply to a right-of-way, under the act of 1872, and the Code, for the reason that knowledge and acquiescence of the owner of the lands is of the very essence of the right-of-way against the owner. He must have six months' knowledge to make the right-of-way against him complete (Code, §731), and "steps must be taken to prevent the enjoyment of the way" by the owner, to stop the continuance of the use, or it will ripen into a prescription, though he acquiesce silently or consent openly all the time. Code, §§738, 737; Acts 1872, p. 60.

5. Where testimony conflicts, the ordinary settles that conflict, and the court below was right not to disturb his settlement of the issues of fact on such a conflict as this record shows.
Judgment affirmed.

November 17, 1885.

JACKSON, Chief Justice.

[William L. and Sarah L. Alexander filed a petition with the ordinary of Harris county, alleging that Joseph Everedge and John H. Hamilton had obstructed a certain private way to which petitioners had title by prescription, and praying that the obstructions be removed. On the trial, the testimony for the petitioners tended to show that the road had been in constant and uninterrupted use for more than seven years, had been kept in repair, and was not over fifteen feet in width, except at one point, where a portion of the roadway was washed out, and where those passing temporarily changed their course to avoid the obstruction until the road-bed was repaired, which was done in a short time, and the usual route was resumed. The testimony for the defendants was directly conflicting with that for the petitioners. The ordinary rendered judgment in favor of the petitioners, and ordered the obstructions to be removed. The defendants carried the case to

the superior court by *certiorari*, alleging as error that the ordinary refused to dismiss the case, on motion, on the ground of insufficiency in pleadings, and that the judgment of the ordinary was contrary to law and evidence, and without evidence to support it. On the hearing, the presiding judge dismissed the *certiorari* and affirmed the judgment of the ordinary, and the defendants excepted.]