## HERNDON v. STRICKLAND.

Where application was made to the county commissioners to have a certain way over the lands of another "declared a permanent private way," and objections were made, and on the hearing it was not shown that the applicant had any prescriptive right to the use of the way, but on the contrary it appeared that the use which was exercised by him and those under whom he claimed was merely permissive and was not constant and uninterrupted for seven years, a *certiorari* to the judgment of the commissioners directing "that the private way be declared permanent," should have been sustained. The code, §720 *et seq.*, prescribes the manner in which private ways may be opened; but the law does not authorize the ordinary or county commissioners to declare a private way to be permanent.

December 20, 1890.

Private ways. Prescription. Practice. Before Judge LUMPKIN. Elbert superior court. March term, 1890.

Reported in the decision.

John P. Shannon, for plaintiff in error.

M. P. Reese, G. C. Grogan and H. J. Brewer, contra.

Blandford, Justice.

Strickland applied to the board of commissioners of roads and revenues of Elbert county to have a certain private way over the lands of Herndon declared a permanent private way. Objections were made by Herndon. On the hearing of the case before the commissioners, numerous witnesses were introduced by Strickland, whose testimony tended to show that the road, or a portion of the same, had been in use for some twenty years; that it was traveled in various ways; that there were new turnouts on the road which were used by the people, although the old road-bed could be used; a gate was kept on it until the passage of the stock-law; one of the witnesses in traveling it went any way he saw fit, took near cuts and turned out as he saw fit; when planting season came, the turnouts were planted up to the old road-bed, and they never got to be a plain road; the use of the road had been free and uninterrupted since it was opened, etc., etc. There was some evidence that the road was worked but the same was not kept in good repair.

Herndon introduced other witnesses, besides himself, who testified in substance that the road at one place was 24 feet wide, at another 21 feet, and at a third 27 feet; there were four turnouts, and the wide places were at these turnouts; the road in places other than these turnouts was not over 15 feet in width; the road had been worked recently; that plum trees had grown up in the middle of the road at one place known as the "sink"; that at one turnout the new road had been used for two or three years, weeds had grown up in the old road, and it was no longer used; that in 1884 there

were four turnouts in the road, which were used; except at these places it was a good and well-defined road; the road runs 1,400 yards over Herndon's land; that at one place there is a mud-hole 21 feet wide and 20 yards long, which had not been worked until lately.

The board of commissioners directed that the private way be declared permanent, and by *certiorari* Herndon assigned error, because (1) said private way was never opened by any order of the proper court; (2) plaintiff's right to have the same made permanent rests upon the ground that it had been in use for seven years, but the whole evidence shows that he has no such prescription, that the way has not been worked and kept in order by him or those under whom he claims, that it exceeds fifteen feet in width and is not confined to any particular fifteen feet in width, but varies to 27 feet, and that it diverges in four places, leaving the old road to avoid roots, trees, mud-holes and gullies, and there has been no constant use of the road, it not appearing that the plaintiff and those under whom he claims title used the road at all from 1883 to 1886; and (3) the judgment is contrary to law and the evidence. The court overruled the *certiorari*, and Herndon excepted.

We think, upon the facts of the case set forth in the record, the *certiorari* should have been sustained, and that the court committed error in overruling the same. It is not shown by the evidence that the defendant in error has any prescriptive right to the use of the road over the lands of Herndon; but on the contrary, it appears that the use of the same which was exercised by the defendant in error and those under whom he claims was merely permissive, and that Herndon could at any time he saw proper forbid any person to use the road over his lands as a private way. If the defendant in error wishes a private way over the lands of Herndon, the code points out the way in which he may proceed

to get it, by paying to Herndon such reasonable damages as he may sustain by reason of the use of such way over his land. The proposition in this case was to make this private way permanent, not a proceeding to remove obstructions put upon the private way, as provided in §738 of the code. Nor does it appear from the facts disclosed by the record that this way over Herndon's land was in the uninterrupted and constant use of the defendant in error, or those under whom he claims, for seven years, so as to make it unlawful for any one to interfere with the road, as provided in §737 of the code. Neither does it appear that this proceeding was for the purpose of declaring this private way a public road, under §741 of the code. Section 731 of the code prescribes that "When a person has laid out a private way, and has been in the use and enjoyment of it as much as seven years, of which the owners have had six months' knowledge without moving for damages, his right to use becomes complete, and such owners are barred of damages." Under this section of the code, the defendant in error should have made it appear to the ordinary, or board of commissioners, that he laid out this private way over the lands of Herndon; that he had been in the use and enjoyment of the same for seven years, and that Herndon had had six months knowledge of it, before he could even have proceeded to have any obstructions removed therefrom. Section 720 of the code *et seq.*, prescribes the manner in which private ways may be opened, but we know of no law that would authorize the ordinary or county commissioners to declare a private way to be permanent. So we think the court committed error in not sustaining the *certiorari* and setting aside the judgment of the county commissioners.    *Judgment reversed.*