COOK *et al. v.* GAMMON *et al.,* executors, *et al.*

Merely passing through an alley two feet wide, in a city, belonging
to the owner of adjacent property and kept open by him for his
own use or the use of his tenants, will not ripen into a right to con-
tinue such passing by any lapse of time, no repairs being made
nor any other acts being done so as to give notice to the owner of
a claim of right to pass as distinguished·from a mere license or
permission.                                     *Judgment reversed.*
December 18, 1893.

*Certiorari.* Before Judge FALLIGANT. Chatham supe-
rior court. March term, 1893.

Upon the petition of Gammon *et al.,* executors of
Gammon, and of Whitten as life-tenant, the ordi-
nary found that an alleyway two feet in width in the
city of Savannah, which had been closed by Cook and
wife, had been in constant and uninterrupted use for
more than seven years, and that no legal steps had
been taken to abolish the same; and ordered the ob-
structions removed, under the code, §§737, 738.  On
*certiorari* this decision was sustained, and defendants
excepted.  The alley in dispute runs eastwardly from
East Broad street, a distance of about forty feet, to a
gate opening from its east end to the back yard of the
western tenement of plaintiffs' premises.  It is imme-
diately north of defendants' house and yard, and imme-
diately south of the brick wall on the south line of a
lot on the southeast corner of East Broad and Wright
streets, held by Semken.  On the south side of the alley
and near its east end a gate opens from it into defend-
ants' back yard.  Plaintiffs' premises are east of the
Semken lot, and·are divided into two tenements front-
ing on the south side ·of· Wright street with two other
separate tenements in the back yard, there being also a
division fence separating the two.  Next to the eastern
tenement is an alley leading into Wright street; to

reach which alley the occupants of the western tenement would have to remove part of the division fence. The testimony for plaintiffs was, that the alley in dispute is the only means of access to the western tenement on their property, unless the occupants of the house fronting on Wright street allow passage through that house to get into the yard in the rear, there being a division fence between the eastern and western tenements; and access from the yard of the eastern to that of the western tenement could not be had without taking down part of the division fence. Plaintiffs had maintained a gate on their property, in the east end of the alley in dispute, opening into their western tenement yard. The people in the eastern tenement did not use this alley, as they had a gate into Wright street. Apparently those on the south of this alley also used it, as there is a gate leading from it to their yard. It was closed by barring the entrance to it at East Broad street; since when tenants in the outhouse in the yard of the western tenement could not be retained, because they could not use the alley to get into the premises, and the tenants in the front portion objected to passing through the front house. Gammon, executor, has passed through this alley perhaps hundreds of times in the past fifty years. He never made any repairs in it, and did not know of any tenant so doing. Tenants do not remain long; he could not recall one who remained as long as seven years. The use of the alley by plaintiffs or their tenants was not inconsistent with the use of it by the occupants of the property held by defendants. Plaintiffs' property is part of city lot 5; that of defendants is part of city lot 7. If the line of the brick wall on the north side of the alley is the south line of lot 5, plaintiffs' property encroaches about two feet on the property of defendants.

For defendants it appeared that they held under regu-

lar conveyances beginning with a deed from plaintiffs' testator, dated April 6, 1849, conveying the north-western portion of lot 7, fronting 35 feet on East Broad street, and being 81 feet deep, bounded west by said street, north by lot 5, east by eastern portion of lot 7, and south by southern portion of same. The conveyances are of record, and in none of them is there any exception or mention of an alley. The testimony for defendants was, that the brick wall on the north side of the alley is on the line between lots 5 and 7; and by measurement the width of their lot, or its frontage on East Broad street, would not be the number of feet conveyed to them in the several deeds, without including the alley. From the east end of the alley back to the east line of defendants' lot, plaintiffs have encroached about two feet on defendants' property. Persons passing through the alley at night have greatly disturbed defendants by making noises and committing other nuisances, etc.

SAUSSY & SAUSSY, for plaintiffs in error.
DENMARK & ADAMS, contra.