## COLEMAN & BURDEN COMPANY *v.* RICE.

Title to property in a certain person once proved or admitted is
presumed to continue until the contrary is proved.　It was there-
fore error, in the trial of a claim filed to the levy of a fi. fa. upon
land, for the court to dismiss the levy on the ground that the plain-
tiff had not made out a prima facie case after claimant admitted
title in the defendant in fi. fa., though the admission related to a
period antedating the judgment.

Argued June 10, — Decided July 23, 1898.

Levy and claim.　Before Judge Felton.　Bibb superior
·court.　November term, 1897.

An execution from a judgment rendered Jan. 31, 1896, was
levied on realty as the property of the defendant, Nancy M.
Burgay, and a claim was interposed.　The plaintiff introduced
the execution with the entry of levy thereon, and an admission
in writing, signed by counsel for the claimant, which stated that
for the purposes of the trial it was admitted that " N. M. Bur-
gay, prior to 1886, acquired the real estate levied upon, by deed
from the lawful owners of said property, and went into posses-
·sion thereunder."　Plaintiff closed.　Claimant moved to dis-
miss the levy, on the ground that the proof was insufficient to
·cast the burden.　The motion ·· · sustained and the levy dis-
missed.

*Smith & Jones,* for plaintiff.  · *Hardeman, Davis & Turner* and *Smith & Winship,* for defendant.

LEWIS, J.   When property is levied on by an execution and claimed by a third party, the statute imposes the burden of proof upon the plaintiff in fi. fa. in all cases where the property levied on is, at the time of such levy, not in the possession of the defendant in execution.   Civil Code, § 4624.   The law recognizes two ways in which the plaintiff may make out his case: First, by showing possession in the defendant in fi. fa. since the judgment.   This simply raises a presumption of title in the defendant, which, of course, can be rebutted by proof.   Secondly, where no such possession is shown, then it is incumbent upon the plaintiff to prove title in the defendant in fi. fa.   If such title is shown or admitted after the judgment, then the proof becomes conclusive; but if it is shown to have existed in the defendant before the judgment, it is then presumed that it remains in the defendant until the contrary is shown.   "A seisin, once proved or admitted, is presumed to continue until a disseisin is proved."   1 Gr. Ev. § 42.   In the case of *Anderson* v. *Blythe,* 54 *Ga.* 508, Bleckley, J., lays down this sound rule of evidence:   " The doctrine that a state of things once existing is presumed to continue until a change or some adequate cause of change appears, or until a presumption of change arises out of the nature of the subject, is an element of universal law.   Without such a principle we could count upon the stability of nothing, and to assure ourselves of a set of conditions at one period of time would afford no ground for inferring the same conditions at any other period.   This presumption of *continuance* is a well-recognized principle of evidence."   Had this been a suit in ejectment, the plaintiff would unquestionably have made out a prima face case after showing title in himself, it matters not at what time the proof indicated the title accrued.   *Watts* v. *Starr,* 86 *Ga.* 392-6.   A more rigid rule would not be applied in a claim case when the burden is on the plaintiff to show title in the defendant in fi. fa.   Counsel for claimant contends that it was incumbent upon the plaintiff to show title in the defendant after the rendition of the judgment; and to support the contention cites *Butt* ·v. *Maddox,*

7 *Ga.* 495 and *Gunn* v. *Jones,* 67 *Ga.* 398, in which cases it was held that when mortgaged property is levied upon under a judgment of foreclosure and a claim interposed, the plaintiff in execution must prove title to the property in the defendant at the date of the mortgage, or make out a prima facie case by proof of possession in the mortgagor at that time, before claimant is put upon exhibition of his title.   Of course the plaintiff in fi. fa., where there is no presumption of title shown by possession, must show title in the defendant at the time he created the contract lien upon the property; but he can show title then by proving that title had accrued in the defendant before the mortgage was given, and thus raise the presumption that title continued, until the contrary is shown.    The case of *Knowles* v. *Jourdan,* 61 *Ga.* 300, is also cited.    The decision in that case is, that to change the onus from the plaintiff in execution to the claimant in the claim case, the plaintiff must show either title in the defendant in fi. fa. or possession in him since the date of the judgment. In the opinion delivered by Justice Jackson (page 302) he uses this expression:  " Therefore the nonsuit was right, neither possession nor title since the date of the judgment being shown in the defendant in fi. fa."   A more accurate expression would have been, " neither possession since the date of the judgment, nor title in the defendant in fi. fa., being shown."    But even this obiter of the Justice is not at all in conflict with the view we take of the rule of evidence in such cases.    Ordinarily, in order for the judgment to constitute a lien upon the defendant's property, he must have a title thereto at the time of the rendition of the judgment; but such title can be presumptively proved by showing that he owned the property before the judgment was rendered.    The fact of such title in the defendant being admitted by claimant's counsel casts the onus upon the claimant to show a superior outstanding title to the premises in dispute. The court therefore erred in dismissing the levy.

*Judgment reversed.   All the Justices concurring.*