### 9193.   GOODWIN *v.* BICKERS.

There was evidence to support the ordinary's judgment refusing to order the obstructions removed from the alleged private way; and no error of law appears.

DECIDED MARCH 12, 1918.

Certiorari; from Greene superior court—Judge Park. August 1, 1917.

*A. C. Brown, J. G. Faust,* for plaintiff.

*Noel P. Park,* for defendant.

HARWELL, J. This was a proceeding before the ordinary of Greene County, brought by Miss Abbie Goodwin against D. H. Bickers, to remove obstructions from a private way leading to the rear of her lot in Greensboro. The evidence was rather voluminous, and it would serve no good purpose to attempt to set it out at length. She claimed the right to the way under section 824 of the Civil Code of 1910, alleging that it had been in constant and uninterrupted use for more than seven years, and that no legal steps had been taken to abolish it. She claimed a prescriptive right to the way by the uninterrupted use of it by her tenant and the tenant of her predecessor in title, for more than seven years, and by the keeping of it in repair during that time. The ordinary refused to remove the obstructions. She carried the case by certiorari to the superior court; the trial judge overruled the certiorari, and she excepts.

The burden was on the plaintiff to show the constant and uninterrupted use of the way for seven years or longer, and that it had been kept in repair during that time. The evidence was conflicting; and the ordinary, after personally inspecting the premises, determined the issue against the plaintiff. It appears that she can lay out over her own lot a way to her barn, without the use of this way, which is over the property of others, and for which no compensation has been paid. The judge of the superior court carefully reviewed the judgment of the ordinary, writing an opinion of some length, and citing in support of his opinion the following cases: *Forrester* v. *McKaig*, 144 *Ga.* 702 (87 S. E. 1060); *Carlton* v. *Seaboard Air-Line Ry.*, 143 *Ga.* 516 (85 S. E. 863, Ann. Cas. 1917A, 497); *Johnson* v. *Sams*, 136 *Ga.* 448 (71 S. E. 891); *Nashville &c. Ry.* v. *Coats*, 133 *Ga.* 820 (66 S. E. 1085); *Gardner* v. *Swann*, 114 *Ga.* 304 (40 S. E. 271); *Chattanooga &c. Ry. Co.* v. *Philpot*, 112 *Ga.* 153 (37 S. E. 181); *Wade* v. *Johnson*, 94 *Ga.* 349 (21 S. E. 569); *Cook* v. *Gammon*, 93 *Ga.* 298 (20 S. E. 332); *Cunningham* v. *Elliott*, 92 *Ga.* 159 (18 S. E. 365); *Herndon* v. *Strickland*, 86 *Ga.* 323 (12 S. E. 642); *Russell* v. *Napier*, 82 *Ga.* 770 (9 S. E. 746); *Collier* v. *Farr*, 81 *Ga.* 749 (7 S. E. 860); *Woolbright* v. *Cureton*, 76 *Ga.* 107; *Nott* v. *Tinley*, 69 *Ga.* 766; *Childers* v. *Holoway*, 69 *Ga.* 758; *Puryear* v. *Clements*, 53 *Ga.* 232.

We have carefully gone through the record and the briefs, and we see no reason to interfere; and the judgment overruling the certiorari is

*Affirmed. Broyles, P. J. and Bloodworth, J., concur.*