BERTHA MINERAL COMPANY *v.* SIMPSON.

BECK, P. J.  1. "Possession of land under a claim of ownership being prima facie evidence of title in the occupant, the latter, upon proof of such possession, and without showing complete title, may maintain against a wrong-doer an action for a trespass upon the property, committed while such possession existed." *Tolbert* v. *City of Rome*, 134 *Ga.* 136 (67 S. E. 540).

2. Error is assigned upon the following charge of the court: "In other words, gentlemen, at the time the Bertha Mineral Company cut the timber, if you find that they did cut it, in order for the plaintiff to be entitled to recover, he must have made it appear in this case that he was in actual possession of the land at the time the Bertha Mineral Company cut it, and it must appear to the jury from the evidence in that case that the Bertha Mineral Company did not have any right to enter upon the land and cut the timber, that they did so wrongfully and without any right to do so." This charge is excepted to on the ground, first, that the charge should have contained the additional instruction that before the jury could find for the plaintiff, they must find that the latter was in actual possession of that particular portion of the land upon which the trespass complained of was alleged to have been committed; and second, that the charge was error for the additional reason that the plaintiff abandoned any claim to recover for any act of trespass committed upon that portion of the land described in the petition which was covered by the grants introduced in evidence by the defendant. *Held*, that the exceptions to the portion of the charge last quoted clearly fall within the rule frequently stated, that where a part of a charge as given is correct and proper in itself, an

exception to the same on the ground that additional instructions claimed by the movant to be appropriate were not given is without merit.

3. Where suit is brought for damages resulting from alleged trespass upon the tract or lot of land from which certain trees were cut and removed, this being the alleged act of trespass, it is not necessary that the plaintiff should show and the verdict should set forth the particular part of the tract of land from which the trees were cut; but as to this feature of the case it suffices that the plaintiff show by a preponderance of evidence that the trees were upon some part of the tract of land described in the petition and of which plaintiff had possession bona fide, under a claim of right, at the time of the alleged trespass.          *Judgment affirmed. All the Justices concur.*

No. 3193. December 15, 1922.

Equitable petition. Before Judge Highsmith. Camden superior court. February 18, 1922.

*S. C. Townsend,* for plaintiff in error.

*Cowart & Vocelle,* contra.