## BURKHART v. ZIMMERMAN.

1. EASEMENTS — ADVERSE POSSESSION — PERMISSIVE USER NEVER RIPENS INTO ADVERSE USER.

Where the use of a stairway was by permission of the owner, said permissive use could never ripen from privilege into right.

2. LICENSES—REVOKED BY CONVEYANCE.

Conveyance of the land by the licensor *ipso facto* operates as a revocation of a license previously granted.

3. EASEMENTS—PURCHASER IS PUT UPON INQUIRY AS TO STRANGER'S USE.

The purchaser of land is put upon inquiry as to the character and extent of use of it by a stranger by permission of the former owner, and if he fails to inform the user that he may continue such enjoyment as a matter of favor, or to prohibit further use entirely, he may not complain if the user, after a period of years, acquires permanent rights in his property.

4. SAME — ADVERSE USER FOR STATUTORY PERIOD RIPENS INTO RIGHT.

Where permissive use of a stairway was revoked by conveyance of the premises, and, without any action by the purchaser, use of the stairway continued for more than 15 years, said user was adverse, and ripened into a right of which the users may not now be deprived.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 13, 1927.    (Docket No. 88.)    Decided June 24, 1927.

Bill by George Burkhart and another against Fred C. Zimmerman and another to enjoin an interference with plaintiffs' rights in a stairway.    From a decree dismissing the bill, plaintiffs appeal.    Reversed, and decree entered for plaintiffs.

[1]Easements, 19 C. J. § 53; 44 L. R. A. (N. S.) 89; 9 R. C. L. 778; 2 R. C. L. Supp. 874; 4 R. C. L. Supp. 626; [2]Licenses, 37 C. J. § 201; [3]Easements, 19 C. J. § 54; [4]Id., 19 C. J. § 54.

*Frank E. Jones,* for plaintiffs.

*Cavanaugh & Burke* (*J. F. Fahrner,* of counsel), for defendants.

SNOW, J.      Adjoining three-story buildings of the same design face the Chicago turnpike in the village of Saline.      They were built in 1872 with but one stairway leading from the ground to the second story between them.      The stairway is entirely on defendants' land and is a part of their building, although it has always been used by the owners of the two buildings as a common entrance to the second floors. The land upon which the buildings were built was originally owned by one Allen H. Risdon.      He sold the easterly part to Burkhart and Aldrich, making no mention of or provision for the stairway in the deed. They built one of the buildings on the land so purchased, and Mr. Risdon. built the other on the land he retained, giving to the owners of the other building oral permission to use the stairway in common with himself.      Use of the stairway continued as the years passed, although ownership of the properties changed.      In 1888 Aldrich deeded his interest in his building to his partner, Charles Burkhart, father of the plaintiffs, from whom they later secured the title in 1908.      The other building was deeded by Risdon in 1874 to one Lewis C. Risdon, and after a number of changes in ownership the defendants finally acquired their title to it in 1914.

At the time of the commencement of this suit, the defendants were using the second story of their building for residential purposes, and plaintiffs were using the third story of their building, among other things, for public dances.      This was objectionable to the defendants, and they forbade further use by plaintiffs of the stairway.      The plaintiffs filed their bill to re-

strain defendants from interfering with their right to use it, and appeal from its dismissal.

It is conceded that the plaintiffs have no record title to the land upon which the stairway stands. Their right to its use admittedly began in permission. But they now claim that they have acquired an easement in it by adverse possession. They do not dispute the well-settled law that neither title nor easement may be acquired against an owner where occupation or use has existed entirely and only by permission, but they say, quoting from counsel's brief:

"It is our claim that in the law these conveyances. were and constituted a revocation of any license that previously existed and the possession after such time and use of stairway by plaintiffs was adverse, notorious, hostile, continuous, and having been so held and used many more than the required 15 years, had ripened into such a title as should justify plaintiffs in seeking and receiving the relief asked for under this bill of complaint."

The Burkharts, father and sons, since its construction, have occupied their building and used defendants' stairway in connection with it. While Mr. Risdon was the owner of defendants' building they enjoyed the use of his stairway by his express leave, which permissive use thus continued could never ripen from privilege into right. But in 1874 Risdon parted with his title and conveyed the building, which, after a number of changes in ownership, was finally acquired by the defendants. No permission to use the stairway was ever given plaintiffs by any of the owners but Risdon, and no sort of arrangement was ever made with any of them concerning it. This being so, plaintiffs' use has not been a permissive one excepting while Risdon was the owner, as this court is unquestionably committed to the doctrine that a conveyance of the land by the licensor *ipso facto* operates as a revocation of a license previously granted. *Maxwell*

v. *Bay City Bridge Co.*, 41 Mich. 466; *Minneapolis, etc., R. Co.* v. *Marble*, 112 Mich. 10; *Eckerson* v. *Crippen*, 110 N. Y. 585 (1 L. R. A. 487, 18 N. E. 443) ; *Toney* v. *Knapp*, 142 Mich. 652, 661.

In *First National Bank* v. *Vanden Brooks*, 204 Mich. 164, a case much like the instant one, the doctrine finds clear enunciation, although in substance it was there declared to be a hard legal rule which courts were loath to enforce where decision could possibly be made on other grounds.     It is in a sense a hard rule, for it requires the purchaser of land in which some right by another is being enjoyed by permission of the former owner, in order to prevent him by continued use from acquiring a vested right therein, to take some action in informing him that he may continue such enjoyment as a matter of favor, or to prohibit further use entirely.     On the other hand there is no great hardship in a rule that requires a purchaser of land to take notice of any possession or use of it by a stranger.     He is put upon inquiry as to the character and extent of the use, and if he fails to make it and act if necessary, he cannot complain if the user, after a period of years, acquires permanent rights in his property.     We see no reason for refusing to follow the rule established by the uniform decisions of this court.     It follows that plaintiffs here have acquired the right to the use of the stairway by continued adverse user and possession and it cannot now be denied them.

The decree of the lower court is reversed, and one may be entered in accordance with this opinion.   Costs to appellants.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.