27596. MASSEE-FELTON LUMBER COMPANY *et al. v.* WEIDEMAN *et al.*

DECIDED OCTOBER 11, 1939.

*Hallie B. Bell, William H. Sanders,* for plaintiffs in error.
*L. D. Moore,* contra.

FELTON, J. Where one seeks to have obstructions removed from a private way by reason of the fact that he has obtained a prescriptive right to use it, he must prove (1) uninterrupted use for more than seven years, (2) that it is not more than fifteen feet wide, (3) that it is the same fifteen feet originally laid out, and (4) that *he* has kept it open and in repair. *Rogers* v. *Wilson,* 171 *Ga.* 802 (156 S. E. 817); *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (178 S. E. 303). The evidence in this case failed to show that any of the several petitioners used the road without interruption and kept it open and in repair for a period of seven years under such circumstances as would ripen into prescription. Two of the petitioners did not pretend to repair it or to keep it open. The evidence showed that J. W. Johnson acquired title to the land over which the road ran, by warranty

deed on September 29, 1926. He sold it by warranty deed on October 2, 1931. He and his wife, Penny Johnson, the third petitioner, used the road during his ownership and kept it open and in repair. They also used it and kept it in repair from the time J. W. Johnson sold it to the time of the bringing of the petition to remove the obstructions on August 27, 1937, the obstructions consisting of locked gates. The use and repair of a private way must be of such a character as to constitute notice to the owner of the land that the person using the road claims a right adversely to the owner. Hence the use and repair of the road during the time Johnson owned the land could not be counted in the seven-year period. His use was notice only to himself, and his wife's mere use would not be regarded in law as adverse to her husband while they were living together. To permit Mrs. Johnson to prescribe under the facts would be equivalent to holding that one may claim adversely to himself. The period from October 2, 1931, to August 27, 1937, is less than seven years. It follows that the requirements of law were not met, and that the judge of the superior court did not err in reversing, on certiorari, the finding of the ordinary who ordered the obstructions removed. No question was raised as to whether the judgment of the superior court in remanding the case, rather than rendering a final judgment, was proper. It is unnecessary, in view of the above ruling, to pass on the other questions raised.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*