32478. ROACH *v.* SMITH.

DECIDED JUNE 1, 1949.

*W. G. Neville, John F. Brannen,* for plaintiff in error.

*Fred T. Lanier,* contra.

SUTTON, C. J. D. H. Smith filed his petition against J. R. Roach, with the Ordinary of Bulloch County, seeking to have obstructions removed from an alleged private way over the land of the defendant. The petitioner described the private way as leading from a public road on the east side of the defendant's land in a westerly direction through the defendant's land by the Moore cemetery and on to the mill house and mill pond of the plaintiff, and alleged that he had been in continuous and uninterrupted use of the same for more than 7 years, that it did not exceed 15 feet in width, and had been kept open and in repair by him during said period.

The defendant filed his answer, denying that the plaintiff had or was entitled to the alleged private way over his land, and alleged, among other things: that at one time there existed a private way leading from a point near a bridge on the public road on the east side of his land in a westerly direction through his land to the mill house and mill pond of the plaintiff and then on through said mill house to another public road; that the plaintiff, approximately 8 years ago, closed the private way at his mill house, but continued to use said private way over the defendant's land as a way of ingress and egress to and from his mill house, until about one year ago when 270 yards of said private way back next to the public road on the east side of the defendant's land became impassable for want of repairs on the part of the plaintiff; that the plaintiff then proceeded up said public road a distance of 122 yards to a bridge where a private road leads to a tenant house of the defendant; and that he traveled said private road 73 yards and then detoured for a distance of 190 yards across the defendant's land and intersected with the original private way at a point 270 yards from where said private way left the public road on the east side of the defendant's land. The defendant alleged that there were two more detours from the original private way on the private way now claimed by the plaintiff.

The case was tried before the ordinary, who passed an order

requiring the defendant to remove the obstructions from the alleged private way. The defendant made application to the superior court for the writ of certiorari, and attached to the petition a brief of the evidence and a copy of all the proceedings before the ordinary. It is alleged in the petition for certiorari that the judgment of the ordinary is contrary to law, contrary to the principles of justice and equity, and is without evidence to support it.

Upon a hearing, the judge of the superior court overruled the certiorari and affirmed the judgment of the ordinary, and the defendant excepted.

■ In order for an applicant to have obstructions removed from a private way under the provisions of Code §§ 83-112 and 83-119, he must show an uninterrupted use of such private way for 7 years or more, that it is not more than 15 feet in width, that he has kept it open and in repair for that period, and that it is the same 15 feet originally appropriated. *Johnson v. Sams*, 136 *Ga.* 448 (2) (71 S. E. 891); *Collier v. Farr*, 81 *Ga.* 749 (7 S. E. 860); *Nashville, Chattanooga &c. Ry. v. Coats*, 133 *Ga.* 820 (66 S. E. 1085); *Walker v. Greene*, 46 *Ga. App.* 274 (1) (167 S. E. 546); *Clark v. Anderson*, 52 *Ga. App.* 500 (183 S. E. 852); *Scarboro v. Edenfield*, 58 *Ga. App.* 619 (199 S. E. 325); *Priest v. DuPree*, 60 *Ga. App.* 149 (3 S. E. 2d, 106).

■ The plaintiff in error contends that the judgment of the ordinary requiring the removal of the obstructions from the alleged private way was not authorized by the evidence, under the requirements of the law in such cases. We have read and carefully considered the evidence, and the evidence for the plaintiff and the defendant is in sharp conflict. The plaintiff testified, in part, that: "I own some property adjoining the lands of Mr. Roach, the defendant. There is a public road that runs north and south on the eastern side of this tract of land, the Roach land. Near the northern boundary there is a branch that runs from this public road in a western direction; that branch is the land line. A short distance south of that branch there is a road that leads off from this public road in a western direction; that is the road now that is in question. After you leave that little road for some distance, there is a cemetery; it is about a quarter of a mile, or a little more, west from where it leaves this public

road. That is the Moore burying ground, or Irish burying ground. It is known by both names. Then this same road extends beyond the burying ground to my property, my pond and mill house. This private road, or way, has been kept up in constant use, to my knowledge. I have owned the property 9 years this fall. . . I think I bought it in November and it has been in constant use to my knowledge since then. It was there when I bought my property and before then; something like 25 years ago I was through there and it was there then; and the road has been there something like 25 years . . That was my first trip through there. When I saw it 25 years ago, that road was in the same place that it is now, possibly it could have varied around a mud hole, just the distance of an automobile in a place or two, but it has not got away from there more than 15 feet to my knowledge. It has not exceeded in width more than 15 feet in any place, to my knowledge it has not; and I have owned the land there since November, 1940; and I saw it 25 years ago. I heard them talk about some other road that may have been cut around there somewhere else, but I do not know anything about that. I have cut logs, hired them cut out of that road, and cut them myself out of the road that is in question. I heard them read here that I had never done anything to keep it up. In 1940, in the fall, in August, we had a tremendous storm and I hired a man named Beasley that lived in the house by the mill pond to cut the logs all out of that road. I have also at times repaired the low places where it needed it. I carried my shovel and throwed in dirt and hauled it and put it in there. I hauled in dirt off of my land and put in the low places. . . It is my testimony that this road has not exceeded 15 feet in width for the 9 years that I have known it. I don't think it has, and I have worked it, cut trees out of it, filled in the low places, and kept it in a traveling condition, but the bridge where we turn off, and I reported that to the commissioners, chairman of the board of commissioners, and he has went down there and he fixed the bridge, I know, two different times, and I have carried a shovel and put a pole and helped him there once or twice myself, that's just on the road where you turn off from the public road, there at the bridge. There is another road that they claim was used, but both of those roads

have been opened since I've owned the land, and the lower one, I don't know just how long it has been out of use. I think the log truck used that just recently. That is no part of this road. I am not claiming that road at all. The other one is the one that has been open all the time. This is the one that I have kept up and maintained and used constantly all of this time." Virgil Rowe, a witness for the plaintiff, testified to the effect that he lived near the road in question, that it turns off the public road at the bridge and goes down by the cemetery and on down to D. H. Smith's property and that he had known it for about 35 years, that he had not noticed whether it was more than 15 feet in width, but during the 35 years he had known it that it had been kept up and in a condition where it could be traveled. Raymond Warnock testified, in substance, that he knew where the road is that leads from the bridge on the public road down by the cemetery lot and on to D. H. Smith's property, that he had traveled that road some and had known it for about 35 years, and, if he was not mistaken, the road is there where it was when he first knew it or first went in there to the cemetery. R. L. Cone testified that he was familiar with the road that turns off of the public road at the bridge and leads down by the cemetery and on to Dew Smith's property, that he had known this road to be where it is now for about 30 years, and that it had been traveled constantly and kept up for the last 30 years.

J. R. Roach, the defendant, testified in part that he owned the land where the private way in question was located; that he had been away from there for 22 years; that he owned the land 6 or 7 years before he left, and had owned the land about 30 years; that D. H. Smith had not kept the road that he is now claiming open and in repair for the past 7 years, but had been traveling another road over the defendant's land most of that time, until the last year; that he had changed from the original 15 feet and had detoured where trees would be across the road and where it was muddy and boggy. The defendant testified at length with reference to the private roads over his land and, according to his testimony and the testimony of his witnesses, the plaintiff, D. H. Smith, did not have a prescriptive right to the private way that he was claiming over the defendant's land and was not entitled to have the obstructions removed therefrom.

As stated above, the evidence was very much in conflict, but the ordinary resolved the conflict in favor of the plaintiff, and we are of the opinion that there was sufficient evidence to authorize the judgment of the ordinary requiring the obstructions to be removed from the private way in question.

■ Under such circumstances, it was not error for the superior court to refuse to disturb the judgment of the ordinary in this case. *Cowart* v. *Baker*, 62 *Ga. App.* 502 (1) (8 S. E. 2d, 732); *Everedge* v. *Alexander*, 75 *Ga.* 858 (5).

*Judgment affirmed. Felton and Parker, JJ., concur.*