BURTON *v.* ATLANTA & WEST POINT RAILROAD COMPANY; *et vice versa.*

HAWKINS, Justice. 1. While a right of private way over another's land may arise by prescription from seven years' uninterrupted use through improved lands (Code, §§ 85-1401, 83-112; *Rogers* v. *Wilson*, 171 *Ga.* 802 (4), 156 S. E. 817), where, as in this case, a private way is claimed by prescription, the party setting up such claim must bring himself strictly within the requirements of the law (*Nott* v. *Tinley*, 69 *Ga.* 766); and in order to set up such prescriptive right of way, it is essential that the prescriber show, not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same number of feet originally appropriated, but also that he has kept it open and in repair during such period. *Woolbright* v. *Cureton*, 76 *Ga.* 107, *Collier* v. *Farr*, 81 *Ga.* 749 (7 S. E. 860), *Aaron* v. *Gunnels*, 68 *Ga.* 528, *Hall* v. *Browning*, 195 *Ga.* 423, 424 (1) (24 S. E. 2d, 392), and cases cited.

(a) Evidence in behalf of the plaintiff that he at one time had a tractor go in and level up his property between his garage and the back end of his cafe, so as to make it accessible to the alleged private way, is not sufficient to show that the plaintiff ever worked or kept the alleged private way in repair; and there being no other evidence tending to show that the plaintiff ever worked, or kept the alleged way in repair, the plaintiff failed to establish by proof this essential element of a prescriptive private way over the lands of the defendant.

2. "Before one can assert a way of necessity over the land of another, every essential requisite to such a right must affirmatively appear. Not

only the necessity of ingress to and egress from his own land must exist, but it must further be alleged that there is no other suitable outlet" (*Tift* v. *Golden Hardware Co.*, 204 *Ga.* 654, 51 S. E. 2d, 435); and "One is not allowed to claim a road over another's land as a way of necessity, when he has or can have such way over his own." *Russell* v. *Napier*, 82 *Ga.* 770 (9 S. E. 746).

(*a*) Since the evidence adduced in behalf of the plaintiff showed that "There is plenty of room on the south side of the cafe on his (plaintiff's) own property for him to have a driveway if he wanted to put it there—there is plenty of room for him to get out from his property, if he wants to, across the back of his own lot and by the side of that cafe and into the street"—the plaintiff failed to establish his right to the use of the alleged way as one of necessity.

3. Since the petition was based upon an alleged prescriptive private way by seven years' uninterrupted use over the improved lands of the defendant, and an alleged way of necessity, the provisions of Code § 83-114 have no application to this case. *Elliott* v. *Adams*, 173 *Ga.* 312 (6) 323 (160 S. E. 336); *Nugent* v. *Watkins*, 129 *Ga.* 382 (3) (58 S. E. 888).

4. Applying the foregoing rulings to the evidence in this case, the trial court did not err in granting a nonsuit, where the plaintiff sought to enjoin the defendant from placing obstructions in an alleged prescriptive way over the lands of the defendant; and under the rulings here made, it becomes unnecessary to pass upon the assignments of error in the cross-bill of exceptions, complaining of the judgment of the trial court overruling general and special demurrers to the petition.

*Judgment affirmed on the main bill of exceptions; cross bill dismissed. All the Justices concur.*

Nos. 16993, 16994. MARCH 14, 1950. REHEARING DENIED MARCH 27, 1950.

*J. C. Bowden* and *A. G. Smith*, for plaintiff.

*Morris B. Abram* and *Heyman, Howell & Heyman*, for defendant.