## 34002. FINE v. STRAUSS.

WORRILL, J. In an action brought by Mrs. Dorothy B. Strauss against Joseph J. Fine in the court of ordinary, to have an obstruction removed from an alleged private way, the evidence showed substantially as follows: In 1934 the plaintiff's husband bought certain described realty from the Florida Blue Ridge Corporation, and obtained permission to build a road over an adjoining tract owned by the corporation. On June 15, 1935, after constructing a cabin on the property, he conveyed it by warranty deed to his wife, the plaintiff. She used the road continuously and kept it in repair. In 1938 the corporation sold the adjoining tract to one Longworth. The plaintiff neither asked nor received permission to use the way, but continued to use it. The plaintiff and Longworth shared expenses and kept the road in repair. In 1945 Longworth sold the property to the defendant. The plaintiff continued to use and repair the road, and again neither asked nor received permission. In 1950 the defendant obstructed the road, which was not more than fifteen feet wide and was the same property originally appropriated. The ordinary ordered the removal of the obstruction. The defendant's petition for certiorari to the Superior Court of Fannin County was sanctioned, and upon a hearing was overruled. To this judgment the defendant excepts. *Held:*

1. While the Florida Blue Ridge Corporation owned the servient estate, the owner of the dominant estate enjoyed the use of the road by express leave, which permissive use, thus continued, could never ripen from privilege into right, but the sale of the servient estate in 1938 revoked the license; and no permission to use the road having been given by the subsequent owners, the plaintiff's use since that time has been of such a character as to give her a prescriptive right to the easement claimed. First National Bank of Bay City v. Vanden, 204 Mich. 164 (169 N. W. 920); Burkhart v. Zimmerman, 239 Mich. 491 (214 N. W. 406).

2. The fact that the owner of the servient estate after 1938 also used the road and helped keep it in repair does not exclude the possibility of acquiring an easement by prescription under an adverse claim of right. After the sale in 1938, the plaintiff made no request for permission to use the way, and received none, but continued to use it without objection and with the owner's silent acquiescence. Being a private way, every trip over it was under a claim of right and necessarily adverse to the owner of the servient estate. Carmody v. Mulrooney, 87 Wis. 552 (58 N. W. 1109); Foreman v. Greenburg, 88 W. Va. 376 (106 S. E. 876). See also Burnum v. Thomas, 71 Ga. App. 690 (31 S. E. 2d, 925).

3. The court did not err in denying the petition for certiorari, since there is evidence from which the ordinary was authorized to find: (1) uninterrupted use of the way for more than seven years; (2) that it is not more than fifteen feet wide; (3) that it is the same property originally laid out; and (4) that the plaintiff has kept it open and in repair. Massee-Felton Lumber Co. v. Weideman, 60 Ga. App. 730 (5 S. E. 2d, 243).

There being a dissent in the division to which this case was originally assigned, it was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

Judgment affirmed. Sutton, C.J., Gardner, P.J., Townsend, and Carlisle, JJ., concur. Felton, J., dissents.

DECIDED MAY 22, 1952—REHEARING DENIED JUNE 20, 1952.

*Fine & Efurd, A. J. Martin*, for plaintiff in error.
*Butt & Spence*, contra.

FELTON, J., dissenting. In order to sustain her right to a prescriptive use of the way, Mrs. Strauss had to prove adverse use of the way against Longworth, the predecessor in title to Fine. The undisputed evidence shows that, while Longworth owned the way, he and Mrs. Strauss jointly and *in co-operation with each other* kept the way in repair. There is no evidence that Mrs. Strauss ever repaired the way except *co-operatively* with Longworth. Under these facts I do not think that Mrs. Strauss can be said to have acted adversely to Longworth either in the repair or use of the way. In view of the co-operative repair, I think that Mrs. Strauss's use of the way was by implied permission and not mere passive acquiescence. The Wisconsin case, cited by the majority, is not one of co-operative repair, but of separate

and unassociated acts of repair by the owner and prescriber. Neither is the West Virginia case authority for the ruling, under the facts of this case.