35615. HANNAH *v.* JACOBS.

DECIDED MAY 6, 1955.

*Earl Staples, Lamar Knight,* for plaintiff in error.

*Aubrey W. Gilbert, Shirley C. Boykin,* contra.

FELTON, C. J. A person seeking to have obstructions removed from a private way allegedly established by prescription must prove: (1) uninterrupted use for more than seven years, (2) that it is not more than 15 feet wide, (3) that it is the same fifteen feet originally laid out, and (4) that he has kept it open and in repair. *Priest* v. *DuPree,* 60 *Ga. App.* 149 (3 S. E. 2d 106); *Massee-Felton Lumber Co.* v. *Weideman,* 60 *Ga. App.* 730 (5 S. E. 2d 243); *Thomas* v. *Burnum,* 69 *Ga. App.* 37 (24 S. E.

2d 812) ; *Roach* v. *Smith,* 79 *Ga. App.* 348 (1) (53 S. E. 2d 688) ; *Puryear* v. *Clements,* 53 *Ga.* 232 (1) ; *Maddox* v. *Willis,* 205 *Ga.* 596 (1) (54 S. E. 2d 632) ; *Burton* v. *A. & W. P. R. Co.,* 206 *Ga.* 698 (58 S. E. 2d 424). In such a case the burden of proof is on the petitioner (*Hendricks* v. *Carter,* 21 *Ga. App.* 527, 529 (7), 94 S. E. 807; *Goodwin* v. *Bickers,* 22 *Ga. App.* 13, 14, 95 S. E. 311) ; and he must bring himself strictly within the requirements of the law. *Nott* v. *Tinley,* 69 *Ga.* 766 (1) ; *Burton* v. *A. & W. P. R. Co.,* supra.

The owner of the land over which an alleged private way runs may interrupt the use of the private way and thereby interrupt the running of a seven-year prescription period. *Kirschner* v. *W. & A. R. Co.,* 67 *Ga.* 760 (1). The evidence shows that the defendant-owner interrupted the use of the alleged private way in 1951 by building a dam and flooding the road, rendering the road impassable. Therefore, we must see if the petitioner or his predecessors in title had a continuous seven-year period of uninterrupted use prior to the obstructing of the road in 1951. The petitioner acquired the property served by the alleged private way in 1948. Will Harper, a witness for the petitioner, testified that he owned such property for the two years prior to the petitioner's purchase thereof. Assuming that the evidence shows that the use of the alleged private way was uninterrupted during the two years Mr. Harper owned the land served by such way, and that the petitioner's use thereof was uninterrupted from the time of his purchase until the way was obstructed in 1951, such evidence does not show an uninterrupted use for seven years. While there was evidence to show the existence of the road for a number of years, there is no evidence showing that the predecessors in title prior to Mr. Harper's ownership had an uninterrupted use of the road, or that such predecessors in title kept the road open and in repair.

Since the burden of proof was upon the petitioner, and he was required to show a strict compliance with the requirements of the law in establishing a private way by prescription under Code § 83-112, the evidence failed to authorize a finding in favor of the petitioner.

The superior court erred in overruling the certiorari. *Perry* v. *Simpson,* 23 *Ga. App.* 710 (99 S. E. 227).

*Judgment reversed. Quillian and Nichols, JJ., concur.*