### 19669. NASSAR *v.* SALTER.

HAWKINS, Justice. This was an equitable proceeding in Terrell Superior Court, wherein an injunction was sought to prevent the defendant from erecting a brick wall on his property or otherwise stopping or closing an alleged alleyway or prevent-

ing its free use by the plaintiff, his tenants, and others for the purposes for which it is used. A temporary restraining order was issued. After a hearing, the trial judge dissolved the restraining order, denied the interlocutory judgment prayed for by the plaintiff, except that in the construction of the proposed wall "defendant shall not thereby obstruct the natural flow of rain water." Error is assigned on the judgment denying the injunction, but the rain-water question is not now before us, since the defendant did not except to that portion of the judgment by cross-bill of exceptions. The plaintiff in error, who was plaintiff in the trial court, contends that he has an easement over the land of the defendant both by prescription and as a licensee, under Code §§ 83-112, 85-1401, and 85-1404. These contentions are based on the fact that there is a vacant strip of land at the rear of a store building of the defendant in the City of Dawson, approximately 10 feet by 30 feet, which has been used by the plaintiff and the public as a way of ingress and egress to and from the rear entrance of his store buildings, which are located on an adjoining lot; that the defendant acquired his property from Terrell County and the City of Dawson in 1944; that about four years ago, with the consent of the defendant, the tenant of the plaintiff repaved this strip of land with concrete in order to afford a better way of ingress and egress to the rear of the plaintiff's store buildings and also for the purpose of affording a better drainage for the natural flow of water from property of the plaintiff; that the defendant has now advised the plaintiff and his tenant that he expects to erect a solid brick wall on his land adjoining the plaintiff's property, approximately 10 feet long and 8 feet high, which wall, if erected, will not only deprive the plaintiff of access to the rear of his store buildings, but will also stop the free and natural flow of the water which has drained down said strip of land for the past 30 years. *Held:*

1. While Code § 83-112 provides that "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for anyone to interfere with said private way," yet "When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that

of a prescriber." *First Christian Church at Macon* v. *Realty Investment Co.,* 180 *Ga.* 35 (2) (178 S. E. 303). "Merely passing through an alley . . . in a city, belonging to the owner of adjacent property and kept open by him for his own use or the use of his tenants, will not ripen into a right to continue such passing by any lapse of time, no repairs being made nor any other acts being done so as to give notice to the owner of a claim of right to pass as distinguished from a mere license or permission." *Cook* v. *Gammon,* 93 *Ga.* 298 (20 S. E. 332). See also *Dunaway* v. *Windsor,* 197 *Ga.* 705 (4) (30 S. E. 2d 627). The defendant acquired his property by deeds from Terrell County and the City of Dawson in 1944. The evidence shows that the strip of land at the rear of the defendant's store building was first paved by his predecessors in title, and there is no evidence of any repairs ever having been made by the plaintiff or his predecessors in title who may have been permitted to use this area in dispute as a means of ingress and egress to the rear of the plaintiff's store buildings. There is evidence that the plaintiff's tenant repaved the strip of land here involved with concrete about four years ago, with the consent of the defendant, and while in the process of improving the plaintiff's property for occupancy by the tenant, all of which was done at the tenant's expense. The use of the private way, if it be one, having originated by permission, and since nothing was done prior to some four years ago to put the defendant owner on notice that any user had changed his position from that of a mere licensee to that of a prescriber, the plaintiff has failed to prove that he, or his predecessors in title, kept it open and in repair for a period of seven years. *Burton* v. *Atlanta & West Point R. Co.,* 206 *Ga.* 698 (58 S. E. 2d 424).

2. Code § 85-1404 provides: "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land." And while it has been held that, "If the enjoyment of the parol license must be preceded necessarily by the expenditure of money, and the grantee incurred expense in executing it, it becomes an agreement for a valuable consideration, and the licensee a purchaser for value" (*Woodruff* v. *Bowers,* 165 *Ga.*

408 (1), 140 S. E. 844), in this case the improvements were made upon the plaintiff's own property, and not by him, but by his tenant, to correct "faulty drainage" and "bring the water on out from behind the Nassar store" buildings. So far as this record shows, no expense was ever incurred by the plaintiff. The evidence, therefore, failed to show any right in the plaintiff as a licensee who has incurred expense, and the trial court did not err in denying the temporary injunction sought by the plaintiff. *Miller* v. *Slater*, 182 *Ga.* 552, 558 (186 S. E. 413).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 9, 1957—DECIDED MAY 14, 1957.

*Hollis Fort, Jr., R. R. Jones,* for plaintiff in error.
*Farkas, Landau & Davis,* contra.