37807.   SEAL *v.* ALDREDGE.

DECIDED OCTOBER 20, 1959.

*F. L. Breen,* for plaintiff in error.

*Woodruff, Latimer & Savell, James A. Stanfield,* contra.

NICHOLS, Judge. ■ The plaintiff assigns error on two judgments of the trial court excluding certain evidence as to the amount of damages done to the plaintiff's property. The judgments of the trial court were made upon objections of the defendant that the plaintiff's title or right of possession had not been proved at the time the evidence was offered.

" 'Much latitude of discretion must be allowed to the courts as to their mode of conducting business.' *Hatcher* v. *State,* 18 *Ga.* 460. 'The order in which a party is to introduce his evidence is to be regulated by the discretion of the court.' *White* v. *Wallen,*

17 *Ga.* 106. 'The practice prescribing the order in which testimony shall be introduced is for the convenience of the court, and may be modified as he deems proper for the advancement of the ends of justice.' *Mitchell* v. *State*, 71 *Ga.* 128 (3c). 'Discretion in regulating and controlling the business of the court is necessarily confided to the judge; and this court should never interfere with its exercise unless it is made to appear that wrong or oppression has resulted from its abuse.' _Carr v. State, 76 *Ga.* 592 (2c). 'To the end that the trial should be fair and impartial and conducted in an orderly way, it is the duty of the trial judge to regulate the conduct of counsel, parties, and witnesses; provided that in so doing he does not take away any right of a party under the law.' _Owens v. State, 11 *Ga. App.* 419 (5) (75 S. E. 519)." _Williams v. State, 177 *Ga.* 391, 410 (170 S. E. 281). In the present case no abuse of discretion was shown, and where, as here, the same witness whose testimony was objected to later testified to the same effect, no harmful error by the ruling complained of is shown. _Parker v. Vrooman, 87 *Ga. App.* 287, 288 (2) (73 S. E. 2d 777).

■ The plaintiff assigns error on the exclusion of certain evidence which the plaintiff contends was admissible as an offer to settle, and which the defendant contends was inadmissible because it was an offer of compromise.

Admissions or propositions made with a view of compromise are not proper evidence. Code § 38-408. The evidence sought to be admitted was that of an offer to compromise and was not admissible for the testimony of the witness leading up to the evidence objected to showed that the *offer to compromise* was made at a time when the defendant believed that the property being graded was owned by the city and that the grading was being done by him under the direction of the city. Accordingly, there is no merit in this contention of the plaintiff.

■ The plaintiff assigns error on the exclusion of two deeds from evidence. The deeds covered the property over which the plaintiff's alleged easement ran and were executed by the joint tenants to the City of Atlanta after the plaintiff's action in the present case was instituted. A deed, executed and recorded in 1910, covering this property was put in evidence without objec-

tion and this deed placed title to the property in the persons alleged in the petition to be the owners of the lot.

The act of 1953 (Ga. L. 1953, Jan.-Feb. Sess., p. 63; Code, Ann., § 38-637), provides: "A prima facie case shall be made out in actions respecting title to land upon showing good record title for a period of 40 years, and it shall not be necessary under such circumstances to prove title to the original grant from the State." The plaintiff's petition alleged that the grantees in the above referenced deed were the owners of the property and of course when such allegations were not admitted the plaintiff was entitled to prove such allegations since the action, though not one directly involving title to land, was one collaterally "respecting title to land." The deed introduced in evidence without objection, made and recorded more than 40 years prior to the trial, made out a prima facie case in the plaintiff as to this issue. Title in such persons was proved and title once placed is presumed to continue until the contrary is shown. _Coleman & Burton Co. v. Rice, 105 Ga. 163, 164 (31 S. E. 424), and citations. Therefore, the plaintiff having shown title to the lot, over which her alleged easement ran, to be in the persons alleged in the petition to be the owners, whether the title was transferred after her action was filed would have no effect on her claim. Accordingly, the judgment of the trial court excluding such deeds from evidence in no way harmed the plaintiff.

◼ The trial court granted the defendant's motion for a nonsuit and the plaintiff's assignment of error on such judgment presents for decision the sole question of whether the plaintiff proved her case as laid. "When a court passes upon a motion for nonsuit it decides only one question, that is, do the allegations and the proof corresponds? Kelly v. Strouse & Bros., 116 Ga. 872, 883 (43 S. E. 280); Gray v. Schlapp, 92 Ga. App. 261 (1) (88 S. E. 2d 536); and Yarbrough v. Cantex Mfg. Co., 97 Ga. App. 438, 442 (103 S. E. 2d 138).

The plaintiff alleged that she owned a described parcel of land and on the trial of the case adduced evidence of possession since 1930. "Actual possession will support an action of trespass against a wrongdoer. If nothing appears to the contrary, such actual possession is sufficient prima facie evidence of title to

authorize a recovery of damages to the freehold." _Southern Ry. Co. v. Thompson, 129 Ga. 367 (9) (58 S. E. 1044); Tolbert v. City of Rome, 134 Ga. 136 (1) (67 S. E. 540); Bertha Mineral Co. v. Simpson, 154 Ga. 672 (1) (115 S. E. 75). The oral testimony that the plaintiff's husband bought the lot and built the house prior to his death in 1926, without more, would not rebut this presumption.

The plaintiff, in addition to the above, alleged that she had an easement over adjoining property which easement had been interfered with, that the defendant actually cut away a portion of her property, and that the lowering of the grade caused her property to crack, subside, sink, cave in, wash, erode and fall away into the excavation made by the lowering of such grade. On the trial of the case the plaintiff presented evidence that the lowering of the grade had caused her property to erode and fall away. The plaintiff's son testified: Question: "Now, Mr. Seal, I'll ask you whether or not since this reducing the grade on this property, there's been any erosion within the side line of your mother's lot?" Answer: "There has been." Question: "I'll ask you whether or not that has been in more than one place?" Answer: "I looked that over yesterday, and there's at least a half dozen places where erosion has started within our line." Question: "Within your mother's lot line?" Answer: "Within our line and continuing on down to the bottom of the embankment." There was also evidence as to the difference in the market value. Therefore, without deciding whether the plaintiff proved all the allegations of her petition, for the evidence may not be the same on another trial, the plaintiff did prove her case as laid as to at least the one element of damage, the damage accruing out of the lowering of the grade of the adjoining property so as to deprive the plaintiff of lateral support for her lot. See Code §§ 85-1202, 85-1203. The plaintiff also alleged that she had maintained her easement over the adjoining land by placing gravel on such easement, which easement was approximately 10 feet wide, from time to time since 1930 as necessity indicated. There was evidence to support such allegation and, whether the plaintiff was originally a mere licensee at the time she began to use such means of ingress and egress, after placing such gravel

upon such route of ingress and egress, no other route being available, she became a prescriber (see *Nassar* v. *Salter*, 213 *Ga.* 253, 254, 98 S. E. 2d 557), and the lowering of the grade prohibited her from using such easement.

Accordingly, the plaintiff proved her case as laid as to at least some elements of damages alleged in the petition and the judgment granting the defendant's motion for a nonsuit must be reversed.

*Judgment reversed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. The plaintiff testified without objection that she owned the lots upon which she lived. I think the evidence was sufficient to authorize a finding for damages to these lots. I do not think that the evidence was sufficient to show a prescriptive right in the plaintiff to an easement over the adjoining vacant lot so as to entitle the plaintiff to a verdict for damages to such an easement.