* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Ledford with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act, and the Industrial Commission has jurisdiction of this matter.
2. On or about August 22, 2004, the employee-employer relationship existed between plaintiff and defendant-employer.
3. The employer was insured for workers' compensation with Liberty Mutual Insurance Company.
4. Plaintiff's average weekly wage is $462.
5. The issues are: (a) whether plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on August 22, 2004; and (b) if so, what benefits is he entitled to receive?
6. Defendants contend that plaintiff's injuries are not compensable.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 22, 2004, plaintiff was employed by defendant-employer as a team leader/machine operator. The employer makes commercial size garbage cans, using machines that were operated essentially by three employees. As a team leader, the Plaintiff both operated the machines and filled in for supervisors as needed.
2. On August 22, 2004, plaintiff had to fill in for a supervisor. Machine numbers 16 and 20 were having operational problems. Terry Connelly, Sr. was working at the number 16 machine. Terry Connelly, Jr. was working at the number 20 machine.
3. Terry Connelly, Jr. had been working for the employer for a little over a year as of the date of the incident. On August 22, 2004, he was working at machine number 20 when plaintiff came over to him and started taunting him, and calling him names such as "faggot." Plaintiff's verbal comments were very embarrassing to Terry, Jr. as other employees were around them at the time.
4. Plaintiff left machine number 20 to go to machine number 16. Machine number 20 was not working at the time and Terry, Jr. went to machine number 16 where he found plaintiff, as well as his father, Terry Connelly, Sr. Terry Jr. asked plaintiff whether he had a problem with him. Plaintiff replied that he did not, and Terry, Jr. went back to machine number 20.
5. Shortly thereafter, plaintiff came back to machine number 20 and started picking on Terry Jr. again, calling him names like "fag" and "punk" and "bitch". These verbal taunts were overheard by other workers, such as Tim Gunter, who was also working at machine number 20. Terry, Jr. asked plaintiff at least two times to leave him alone. At one point, the two men got into a shoving match, which was also witnessed by Tim Gunter. Plaintiff kept taunting Terry, Jr. and threatened him, telling him he was going to "kick his ass" to the point that Terry Jr. testified that he "saw red."
6. When plaintiff came to relieve another employee, Tammy Harris, for her break, he was talking about Terry Jr., calling him obscene names and talking about "whooping his ass." Although she didn't hear all the verbal exchanges, Ms. Harris also witnessed plaintiff going back over to machine number 20 where Terry Jr. was working.
7. Terry Jr. became so upset by the taunting that he got a pipe and struck plaintiff in the back. Plaintiff then started running from Terry, Jr. who chased him out of the building. Plaintiff ran out of the dock door and jumped off of the dock and when he landed, heard his leg snap.
8. The greater weight of the evidence establishes that plaintiff was assaulted on this occasion because of his taunts and threats to a co-employee, Terry Connelly, Jr., that aggravated and embarrassed Mr. Connelly to the point that he assaulted plaintiff. The fight was a personal attack and was unrelated to plaintiff's employment.
9. To the extent that plaintiff gave a different version of events leading up to the assault, his testimony is rejected as not credible, especially in view of the testimony of the actual assailant and two other eyewitnesses who overheard and saw plaintiff's taunts and threats against his attacker, prior to the assault.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to meet his burden of proving that the assault on him on August 22, 2004 arose out of and in the course and scope of his employment with Dia Kon Molding. If an employee is assaulted over a dispute concerning work, the assault arises out of the employment and is compensable. It is reasonable to foresee that disagreement may arise from time to time among persons working together, and as a result fights may occur.Withers v. Black, 230 N.C. 428, 53 S.E.2d 688 (1949). However, such an assault must have some relationship to the employment.Gallimore v. Marilyn's Shoes, 292 N.C. 399, 233 S.E.2d 529
(1977). If it grew out of personal animosity, hatred, or revenge, and was not incident to the work, then benefits will not be allowed. Hemric v. Reed Prince Mfg. Co., 54 N.C. App. 314,283 S.E.2d 436, 439 (1981), cert. denied, 304 N.C. 726,288 S.E.2d 806 (1982).
2. In determining whether a claim is compensable, it is the duty and responsibility of the Commission to consider every aspect of plaintiff's claim and the Commission has the duty and authority to resolve conflicts in the testimony of a witness or witnesses. Blaylock v. Roberts Co., 12 N.C. App. 499,183 S.E.2d 827 (1971).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
AWARD
 1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. Each side shall pay its own costs.
This the __ day of May, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER